JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| HENAREH SIAVOSH,<br><br>         Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>         Respondent. | CASE NO. CV 20-07805-JFW(AS)<br><br>**ORDER OF DISMISSAL** |

**I.    BACKGROUND**

On August 25, 2000, Henareh Siavosh ("Petitioner"), a federal prisoner proceeding pro se, filed an untitled motion ("Motion"), stating that he seeks compassionate release "due to the COVID-19 pandemic and under the CARES ACT and 18 U.S.C. § 3582(c)-2." (Docket No. 1).

To the extent Petitioner has filed a motion for release, Petitioner's Motion is **DENIED without prejudice** based on Petitioner's failure to provide any supporting facts.

To the extent Petitioner's Motion can be construed as a Petition for Writ of Federal Habeas Corpus pursuant to 28 U.S.C. § 2241, the Motion is **DENIED without prejudice** because Petitioner (1) has failed to identify the proper Respondent, the name of the person having custody of him; (2) has failed to plainly state "[t]he statutory or other basis for the exercise of jurisdiction by this Court," in violation of Central District Local Rule 8-1 and Fed.R.Civ.P. Rule 8(a); (3) has alleged vague and conclusory "claims," in violation of Fed.R.Civ.P. Rule 8(a) and 8(d); and (4) does not appear to challenge the manner, location or conditions of the execution of his sentence, see Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000).

To the extent Petitioner is seeking the appointment of counsel, Petitioner's request is **DENIED**. There is no constitutional right to appointed counsel in a civil action. See Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981); accord Campbell v. Burt, 141 F.3d 927, 931 (9th Cir. 1998). The decision to appoint counsel is within "the sound discretion of the trial court and is granted only in exceptional circumstances." Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004)(internal quotation marks omitted). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits and the ability of the

petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991)(quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). Based on the sparseness of the allegations in the Motion, the Court cannot conclude that Petitioner's "claims" are potentially meritorious or that the facts or legal issues involved in the case are unusually complex. Nothing in this Order is intended to preclude Petitioner from retaining counsel on his own.

**II. ORDER**

ACCORDINGLY, IT IS ORDERED that the Motion is denied without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 3, 2020

```
                              _____
                                    JOHN F. WALTER
                              UNITED STATES DISTRICT JUDGE
```

Presented by:

```
       /s/
    ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE
```